**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | **CHAPTER 11** |
| **TANDEM REAL ESTATE HOLDINGS, LLC** | : | |
| | : | **CASE NO. 23-10176-AMC** |
| **Debtor** | : | |
| | : | |
| **BLUEBIRD LENDING II, LLC** | : | |
| | : | |
| **Movant** | : | |
| | : | |
| v. | : | |
| | : | |
| **TANDEM REAL ESTATE HOLDINGS, LLC** | : | |
| | : | |
| **Respondent.** | : | |

**REQUEST FOR EXPEDITED CONSIDERATION OF**
**BLUEBIRD LENDING II, LLC'S EMERGENCY MOTION TO**
**DISMISS THE DEBTOR'S CHAPTER 11 CASE AND EMERGENCY**
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Bluebird Lending II, LLC ("Lender"), by and through undersigned counsel, hereby respectfully moves this Court pursuant to Bankruptcy Rule 9006(c) and Local Bankruptcy Rule 5070-1(g), for expedited hearing of its Emergency Motion for Entry of an Order Dismissing the Debtor's Chapter 11 Case Pursuant to Section 1112(b) and/or 305(a) of the Bankruptcy Code, with Prejudice (the "Motion to Dismiss") and Emergency Motion for Relief from the Automatic Stay ("Motion for Relief"), and in support thereof avers as follows:

1. As explained more fully in the Motion to Dismiss, attached hereto as Exhibit A, and the Motion for Relief, attached hereto as Exhibit B, Tandem Real Estate Holdings, LLC ("Debtor") is in default of two loans made by Lender—and has been for over one year.

2. Debtor owes Lender not less than **$2,192,390.34**.

3. On May 13, 2022, Lender confessed judgment against Debtor for the outstanding amounts due under the loans as authorized by the respective loan documents.

4.      On October 20, 2022, Lender obtained writs of execution based on the judgments.

5.      Thereafter, Lender scheduled a Sheriff's Sale for January 20, 2023 at 11:00 a.m. to execute on its judgments and sell certain real property that was pledged by Debtor as collateral for the loans.

6.      Debtor never filed any petition to strike or open the confessed judgments or to vacate the writs of execution. Debtor has also never disputed the Notices of Default or Assignment of Rents Notices issued by Lender.

7.      Instead, Debtor waited until the eve of the judicial sale and filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on January 19, 2023 at 7:16 p.m.

8.      Debtor's actions are a bad faith attempt to hinder and/or delay Lender's ability to exercise its legal rights and recover the amounts that are currently due and owing to it.

9.      As explained more fully in the Motion to Dismiss, this case should be dismissed prior to February 17, 2023 because Debtor did not act in good faith and this case does not serve any valid bankruptcy purpose.

10.      In the event that the Court declines to dismiss the case, Lender should be granted relief from the automatic stay imposed by 11 U.S.C. § 362 for cause.

11.      Expedited consideration of Lender's Motion for Relief is necessary because the previously scheduled judicial sale has been continued to February 17, 2023, making time of the essence. Lender has expended $21,000 in Sheriff's Fees in connection with the Sale, and is at serious risk of needing to start over and incur still more fees and expenses in connection with a later scheduled sale.

12. In conformance with Local Rule 5070-1(g)(1), Lender consulted with David Smith, Esq., proposed counsel for Debtor, Holly Smith Miller, Esq., Trustee for Debtor, and George Conway, Esq., United States Trustee but was unable to reach an agreement with respect to scheduling an expedited hearing on the Motion for Relief from Stay. Mr. Smith opposes the requested relief. Neither Ms. Miller nor Mr. Conway responded to counsel's email prior to filing.

13. In conformance with Local Rule 5070-1(g)(2), Lender provided proposed Mr. Smith, Ms. Miller, and Mr. Conway a copy of this Motion for Expedited Consideration and the underlying motions via email prior to filing. Lender also provided notice of this Motion to Chambers via telephone message prior to filing.

WHEREFORE, Lender respectfully requests that the Court consider the Motion to Dismiss, attached hereto as Exhibit A, and the Motion for Relief from Automatic Stay, attached as Exhibit B, on an expedited basis.

Respectfully submitted,

**BRAVERMAN KASKEY GARBER PC**

Dated: January 31, 2023      BY:   */s/ Benjamin A. Garber*
BENJAMIN A. GARBER, ESQ.
JOHN A. KASKEY, ESQ.
One Liberty Place
56th Floor
1650 Market Street
Philadelphia, PA 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
garber@braverlaw.com
kaskey@braverlaw.com
*Attorneys for Bluebird Lending II, LLC*